**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL SALDANA, | No. 12-16605 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-02149-JAM-DAD |
| v. | |
| G. D. LEWIS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted March 10, 2015[**]
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Petitioner/Appellant Samuel Saldaña was convicted of carjacking by a jury

in California's Sacramento County. Saldaña filed a timely petition for writ of

habeas corpus in the Eastern District of California. Saldaña then dismissed his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition in the Eastern District voluntarily, litigated his claims to completion in state court, and returned to the district court with a new petition well after the one-year statute of limitations had elapsed. *See* 28 U.S.C. § 2244(d)(1)(A). Saldaña now argues that he is entitled to equitable tolling.

By dismissing his first federal petition "without prejudice," Saldaña argues, the district court misled Saldaña to believe that he would be free to file a second petition after exhausting his claims in state court without regard for the statute of limitations. However, Saldaña cannot have relied on the district court's order because he voluntarily dismissed his first petition before the order issued. A voluntary dismissal terminates the action immediately, leaving nothing more for the district court to do. *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999). Further, Saldaña's second petition would have been untimely no matter what the district court might have said because the one-year statute of limitations had run by the time Saldaña dismissed the first petition. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (a pending federal habeas petition does not toll the statute of limitations). Finally, a district court's statement that dismissal is "without prejudice" accurately describes the consequences of dismissal and is not misleading. *See Ford v. Pliler*, 590 F.3d 782, 788–89 (9th Cir. 2009).

Saldaña also contends he is entitled to an evidentiary hearing on his argument that the passing of the limitations period should be excused because he is actually innocent. The district court did not abuse its discretion in denying a hearing because Saldaña has not alleged the existence of evidence demonstrating that, "but for constitutional error, no reasonable factfinder would have found [Saldaña] guilty." *See* 28 U.S.C. § 2254(e)(2)(B). A witness's contradictory testimony in an earlier trial does not "fundamentally call into question the reliability of [Saldaña's] conviction" in light of the other evidence against Saldaña. *See Sistrunk v. Armenakis*, 292 F.3d 669, 676–77 (9th Cir. 2002). An evidentiary hearing is not warranted for the additional reason that the witness's contradictory testimony "could . . . have been previously discovered through the exercise of due diligence." *See* 28 U.S.C. § 2254(e)(2)(A)(ii). Not only was the contradiction apparent on the records of the two trials, but Saldaña's counsel confronted the witness with the inconsistency during the Sacramento County trial.

**AFFIRMED.**